MEMORANDUM OPINION


No. 04-05-00027-CR

Arlene LOREDO,
Appellant

v.

The STATE of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2004-CR-5537A
Honorable Mary Roman, Judge Presiding

PER CURIAM
 
Sitting:            Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   April 6, 2005

DISMISSED
            Pursuant to a plea-bargain agreement, Appellant Arlene Loredo pled guilty to theft and was
sentenced to six months confinement in accordance with the terms of her plea-bargain agreement.
The trial court signed a certification of defendant’s right to appeal stating that this “is a plea-bargain
case, and the defendant has NO right of appeal.” See Tex. R. App. P. 25.2(a)(2). After Loredo timely
filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to
this court. See id. 25.2(e). The clerk’s record, which includes the trial court’s rule 25.2(a)(2)
certification, has been filed. See id. 25.2(d). 
            “In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by
written motion filed and ruled on before trial, or (B) after getting the trial court’s permission to
appeal.” Tex. R. App. P. 25.2(a)(2). The clerk’s record, which contains a written plea bargain,
establishes the punishment assessed by the court does not exceed the punishment recommended by
the prosecutor and agreed to by the defendant. See id. 25.2(a)(2). The clerk’s record does not include
a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its
permission to appeal. The trial court’s certification, therefore, appears to accurately reflect that this
is a plea-bargain case and that Loredo does not have a right to appeal. We must dismiss an appeal
“if a certification that shows the defendant has the right of appeal has not been made part of the
record.” Id. 25.2(d). 
            We, therefore, warned Loredo that this appeal would be dismissed pursuant to Texas Rule
of Appellate Procedure 25.2(d), unless an amended trial court certification showing that she had the
right to appeal was made part of the appellate record by March 14, 2005. See Tex. R. App. P. 25.2(d),
37.1; Daniels v. State, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No such amended
trial court certification has been filed. This appeal is, therefore, dismissed pursuant to rule 25.2(d). 
 
                                                                                    PER CURIAM
Do not publish